**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 14 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN CARLOS VALLEZ-CORTES, | No. 21-87 |
| Petitioner, | Agency No. A073-988-927 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 10, 2023[**]
Pasadena, California

Before: GILMAN[***], FORREST, and H.A. THOMAS, Circuit Judges.

Juan Carlos Vallez-Cortes petitions for review of an order of the Board of

Immigration Appeals (BIA) dismissing his appeal from an order of an

immigration judge (IJ) denying his applications for withholding of removal and

relief under the Immigration and Nationality Act and the Convention Against

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Ronald Lee Gilman, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Torture (CAT). Vallez-Cortes is a citizen of Mexico. We have jurisdiction under 8 U.S.C. § 1252. "Because the BIA agreed with the IJ's reasoning and added some of its own, we review the BIA's decision and those parts of the IJ's decision upon which it relied." *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021). We deny the petition for review.

1.      Substantial evidence supports the agency's determination that Vallez-Cortes does not qualify for withholding of removal because he was not a member of either of his proposed particular social groups. Vallez-Cortes argues that he is part of a proposed social group of individuals with "property ownership/landownership," but he admits that he does not own any land in Mexico. Vallez-Cortes further argues that he is a member of the Garcia Gutierrez family. But substantial evidence—including Vallez-Cortes's own testimony that his brother is his only family in Mexico—supports the agency's determination that Vallez-Cortes does not have a familial relationship with the Garcia Gutierrez family. *Cf. Rios v. Lynch*, 807 F.3d 1123, 1128 (9th Cir. 2015) (discussing the family as a particular social group).

Although we need not consider the agency's alternative grounds for denying relief, substantial evidence also supports the agency's conclusion that Vallez-Cortes did not show that the people who robbed the Garcia Gutierrez family are persons whom the "government is unable or unwilling to control." *Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1056 (9th Cir. 2006). The record reflects that Mexican authorities investigated and prosecuted one of the robbers,

who received jail time. *See Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1063 (9th Cir. 2017) (en banc) (looking "to evidence of how the police responded to . . . requests for protection" to determine whether there was an "acquiescent government").

2. Substantial evidence supports the BIA's conclusion that Vallez-Cortes does not qualify for CAT relief. Vallez-Cortes points to country conditions reports discussing violence in Mexico. But generalized evidence of violence and crime is insufficient to prove that a specific individual faces a likelihood of mistreatment rising to the level of torture. *Lalayan v. Garland*, 4 F.4th 822, 840 (9th Cir. 2021) (holding that submitted country reports were insufficient to establish eligibility for CAT relief because they did not indicate any particularized risk of torture). To the extent that Vallez-Cortes points to the robbery of the Garcia Gutierrez family to argue particularized risk, substantial evidence supports the agency's determination that Vallez-Cortes is not a member of the family. In any event, Vallez-Cortes has not shown that the robbery was "an extreme form of cruel and inhuman treatment that is specifically intended to inflict severe physical or mental pain or suffering," which is required for mistreatment to amount to torture. *Lopez v. Sessions*, 901 F.3d 1071, 1078 (9th Cir. 2018) (cleaned up).

**PETITION DENIED.**